IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                              ) | CRIMINAL NO. 12-0013-WS |
| ) | |
| TIMOTHY ALLEN MOSLEY,             ) | |
| ) | |
|     Defendant.                              ) | |

**ORDER**

This matter comes before the Court on defendant Timothy Allen Mosley's Amended Motion under Rule 35(a) to Correct Supervised Release Term (doc. 52). The Motion has been briefed and is ripe for disposition.[1]

**I.   Background.**

Back on June 14, 2012, the undersigned sentenced defendant, Timothy Allen Mosley, to a term of imprisonment of 15 months, plus a five-year term of supervised release, after he entered a guilty plea to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250. (*See* doc. 31.) In December 2014, revocation proceedings were initiated when the U.S. Probation Office reported that Mosley had committed two crimes while on supervised release, to-wit: (i) possession of child pornography, in violation of Alabama Code § 13A-12-192, based on discovery of images in a cell phone belonging to Mosley on September 29, 2014; and (ii) possession of child pornography, also in violation of § 13A-12-192, based on discovery of images in a cell phone belonging to Mosley on November 4, 2014. (Doc. 35.)

At a final revocation hearing on March 11, 2015, Mosley (who was represented by counsel) waived the hearing and stipulated to a *prima facie* case of possession of child pornography.[2] On that basis, the undersigned found Mosley to be in violation of the terms of his

---

[1]   A previous iteration of the Motion (doc. 51) was filed by defense counsel in error, and is **moot** because it was superseded by the Amended Motion addressed herein.

[2]   In a sentencing brief filed on March 23, 2015, Mosley admitted that he downloaded the images found on two cellular telephones in his possession, that those images
(Continued)

supervised release and revoked same. (*See* doc. 45.) The sentencing portion of the revocation proceeding took place on April 16, 2015. At that hearing, the Court stated its findings that Mosley's admitted conduct violated 18 U.S.C. § 2252A (receipt of child pornography). The Court also applied the sentencing provisions of 18 U.S.C. § 3583(k), which provides for a minimum term of imprisonment of five years on revocation, to be followed by a supervised release term of a minimum of five years and a maximum of life. The Court sentenced Mosley to a term of imprisonment of 60 months and a supervised release term ("SRT") of life.

With regard to SRT, Mosley's counsel objected during the hearing that a five-year point should be imposed, rather than a life term of supervised release. The Court overruled that objection, expressly finding that a sentence of lifetime SRT was appropriate and reasonable here, based on the evidence presented, Mosley's history and criminal history, and also the violation that was the catalyst for this revocation proceeding.

The next day after the revocation sentencing hearing, Mosley filed his Rule 35(a) Motion, asserting that "the authorized length of SRT in the instant case is the statutory minimum of five years." (Doc. 52, at 1.) The Government has filed a Response (doc. 54) in opposition to the Motion.

**II.    Analysis.**

In requesting modification of his SRT from life to five years, Mosley invokes Rule 35(a), Fed.R.Crim.P., which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." *Id.* The Rule 35(a) mechanism is quite narrow; indeed, the Criminal Rules Advisory Committee has instructed that a district court's authority to correct a sentence under Rule 35(a) for "clear error" is available "only [in] those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." Rule 35, Fed.R.Crim.P., Advisory Committee Notes (1991). The Eleventh Circuit has interpreted Rule 35(a) to be unavailable where the original sentence "was not illegal, and any error was not of an acknowledged and obvious type, the kind that would almost certainly result

---

included images of nude children under the age of 17, and that one image "was possibly child pornography under the federal definition." (Doc. 49, at 1-2.) Mosley's stipulation to a *prima facie* case related to that one image.

in a remand of the case to the trial court for further action." *United States v. Lett*, 483 F.3d 782, 789 (11th Cir. 2007) (citation and internal quotation marks omitted). For correction of a sentence to be appropriate under this rule, "the district court may not simply change its mind, and any error to be corrected under that subsection must be obvious." *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999); *see also United States v. Celedon*, 353 Fed.Appx. 278, 280 (11th Cir. Nov. 18, 2009) ("Clear error within the meaning of Rule 35(a) is limited to obvious errors that either resulted in an illegal sentence or those errors that would almost certainly result in a remand on appeal.").

The Court perceives no obvious error in its decision to impose SRT of life in Mosley's case. Again, the statutory maximum term of supervised release for Mosley's underlying conviction was life, pursuant to 18 U.S.C. § 3583(k);[3] therefore, there can be no credible argument that the length of SRT imposed here was illegal or in excess of the statutory maximum. Instead, Mosley relies on authorities supporting the proposition that, for convictions of the offense of failure to register as a sex offender, in violation of 18 U.S.C. § 2250, the advisory term of supervised release under the U.S. Sentencing Guidelines is five years.[4]

There are multiple problems with Mosley's argument. First, it overlooks the fact that the Sentencing Guidelines' recommendations are advisory, not mandatory. *See, e.g., United States v. Segura*, 747 F.3d 323, 328-31 (5th Cir. 2014) (concluding that it was error for district court to deem failure to register a sex offense, but that "the district court did not commit plain error by sentencing Segura to a life-term of supervised release" based on case-specific considerations that this defendant required lifetime supervision); *United States v. Mosley*, 572 Fed.Appx. 954, 956

---

[3] *See United States v. Mosley*, 572 Fed.Appx. 954, 956 (11th Cir. July 25, 2014) (noting that "18 U.S.C. § 3583(k) authorizes a lifetime term of supervised release for § 2250 violations").

[4] Pursuant to U.S.S.G. § 5D1.2, the advisory SRT for a Class C felony (such as violation of 18 U.S.C. § 2250) is at least one year but not more than three years, subject to the limitation that the length of SRT shall not be less than the statutory minimum, which is five years for violation of § 2250. On that basis, Mosley concludes, the advisory SRT in this case is a single point of five years. While § 5D1.2 does recommend the statutory maximum SRT of life for "sex offenses," that section also clarifies that failure to register, in violation of § 2250, does not qualify as a sex offense. *See* U.S.S.G. § 5D1.2, Application Note 1 (term "sex offender" "does not include an offense under 18 U.S.C. § 2250 (Failure to register)").

(11th Cir. July 25, 2014) (finding that even if district court had erred in calculating defendant's guideline range for supervised release term for § 2250 violation, there was no plain error because the Court considered and applied the § 3553(a) factors in finding that a lifetime term of supervised release was appropriate, without regard to guidelines).  Second, Mosley's contention fails to take into account that he was not being sentenced for a violation of § 2250, but was instead having his SRT for a prior § 2250 conviction revoked based on new conduct involving possession of child pornography.  This Court found such conduct to constitute a violation of § 2252A, which most definitely is a sex offense within the meaning of U.S.S.G. § 5D1.2, yielding a recommended SRT of life under the § 5D1.2(b) policy statement.[5]

  Third, Mosley's theory fails to consider U.S.S.G. § 7B1.3(g)(2), which authorizes district courts to impose SRT as part of the sentence for revocation of supervised release, up to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *Id.*  Again, the length of the term of supervised release authorized by statute for a violation of § 2250 is between five years and life, so this Court neither exceeded that maximum nor ran afoul of § 7B1.3(g)(2) by imposing SRT of life in these revocation proceedings.  Fourth, there is no indication and no evidence that this Court or the U.S. Probation Office miscalculated the advisory term of supervised release in applying the U.S. Sentencing Guidelines to Mosley's case.

  The bottom line is this:  Mosley can prevail on his Rule 35(a) Motion only by showing that the lifetime SRT imposed in these revocation proceedings was an illegal sentence or an obvious error.  He has not done so.  While Mosley disagrees with this Court's decision to apply the statutory maximum SRT, his objection simply does not rise to the level of "clear error" for purposes of Rule 35(a); therefore, that remedy is unavailable.

---

[5]  The SRT imposed for Mosley's underlying violation of § 2250 was five years, just as defendant insists it should have been.  The appropriate question here is not what SRT should be imposed for a violation of § 2250 – as Mosley tries to frame the issue – but is instead what SRT should be imposed for a violation of § 2252A that triggers revocation of previously-imposed supervised release for a prior violation of § 2250.  Defendant's filing does not acknowledge, much less account for, that important distinction.

**III.     Conclusion.**

For all of the foregoing reasons, defendant's Motion Under Rule 35(a) to Correct Supervised Release Term (doc. 52) is **denied**.

DONE and ORDERED this 28th day of April, 2015.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE